UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A NO. _____

| | |
|---|---|
| CARISBROOKE SHIPPING LIMITED<br><br>    Plaintiff<br><br>v.<br><br>MOTOR YACHT "KOKOMOLINK" O.N.<br>_____, Her engines,<br>rigging, equipment and appurtenances, etc., In Rem,<br><br>    Defendant | IN ADMIRALTY<br><br>VERIFIED COMPLAINT |

Carisbrooke Shipping Limited ("Carisbrooke"), plaintiff in the above-entitled action, by its attorneys, complains against the defendant as follows:

1. This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the federal Rules of Civil Procedure;

2. At all material times hereto, the plaintiff, Carisbrooke, was an ocean carrier with a usual place of business at Bridge House, 38 Medina Road, Cowes, P.O. 31 70A Isle of Wight, UK and at all material times, Carisbrooke was the owner/operator of the Motor Ship "VECTIS OSPREY";

3. At all material times hereto, the M/Y KOKOMOLINK, was a "Dominator 29" Motor Yacht, with Official No. _____, and registered in, and flying the flag of _____;

4. On June 1, 2014, M/Y KOKOMOLINK's owners, charterers, beneficial owners, or owners *pro hac vice* ("Yacht Cargo Interests") entered into a contract for carriage with Carisbrooke to transport the M/Y KOKOMOLINK from a loading port in the Mediterranean Sea to the Port of Boston, Massachusetts for discharge. Memorializing this contract for carriage, Carisbrooke issued Bill of Lading No. CBKSVOSP18280514. A true copy of the Bill of Lading is affixed herewith as Exhibit A;

5. In exchange for agreeing to carry M/Y KOKOMOLINK to the Port of Boston, Massachusetts for discharge, the Yacht Cargo Interests agreed to pay Carisbrooke Shipping freight totaling $USD 194,750. A true copy of Carisbrooke's Invoice in that amount dated March 6, 2014 is affixed herewith as Exhibit B;

6. Also memorializing the contract for carriage between the parties was a Charter Party Recap, a true copy of which is affixed herewith as Exhibit C;

7. Per agreement of the parties, and according to the Charter Party Recap, freight in the amount of $USD 194,750 was payable by Yacht Cargo Interests to Carisbrooke seven (7) days after loading. See, Charter Party Recap (Exhibit C);

8. Per agreement of the parties, according to the Carisbrooke Invoice, Yacht Cargo Interests freight in the amount of $USD 194,750 was payable by Yacht Cargo Interests on June 10, 2014 (See, Invoice, Exhibit B);

9. Carisbrooke's vessel, M/S VECTIS OSPREY, loaded M/Y KOKOMOLINK at a Mediterranean port, safely carried the yacht on its deck across the Mediterranean Sea and the Atlantic Ocean, and arrived at Boston, Massachusetts on Friday, June 20, 2014. It is presently anticipated that M/S VECTIS OSPREY will offload M/Y KOKOMOLINK on or about Tuesday, June 24, 2014;

10. Upon discharge from M/S VECTIS OSPREY, it is anticipated that a crew nominated by Yacht Cargo Interests will board M/Y KOKOMOLINK, and take it to a temporary mooring at Boston Yacht Haven Inn and Marina, 87 Commercial Wharf, City of Boston, County of Suffolk, Massachusetts, where it will remain until it is cleared for departure by United States Customs;

11. Upon clearance by United States Customs, M/Y KOKOMOLINK is expected to depart the Port of Boston, Massachusetts and is expected to leave the waters of the Commonwealth of Massachusetts, and possibly the territorial waters of the United States, proceeding to ports or destinations presently unknown. Such departure may occur as early as the afternoon of Tuesday, June 24, 2014 if M/Y KOKOMOLINK is cleared by Customs;

12. As of the date of the filing of this Complaint, freight due to Carisbrooke for the carriage of M/Y KOKOMOLINK, in the amount of $USD 194,750, although agreed upon between the parties, and although duly demanded by Carisbrooke, has not been paid;

13. As a consequence of the foregoing, Carisbrooke has been damaged in the amount of $USD 194,750, plus interest, and the costs of bringing this Complaint, and of the anticipated costs for the necessary arrangements to arrest of the vessel and to perfect its lien;

14. By reason of the non-payment of freight due to it, Carisbrooke has an enforceable maritime lien under the general maritime laws of the United States;

15. Pursuant to 46 USC §31342, Carisbrooke is entitled to assert and to foreclose its maritime lien on M/Y KOKOMOLINK in the amount of $USD 194,750.

WHEREFORE, the Plaintiff Carisbrooke prays that:

A.   Process be issued In Rem according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction against the In Rem defendant Motor Yacht "KOKOMOLINK", her engines, rigging, equipment, and appurtenances In Rem, etc.; and that all persons claiming any right or interest in said Motor Yacht be ordered to file their Claim and to appear and answer;

B.   That the plaintiff Carisbrooke's claim be adjudged an enforceable maritime lien against M/Y KOKOMOLINK in the amount of $USD 194,750, and that judgment in that amount, plus interest, costs and reasonable attorney's fees incurred in connection with this In Rem action, if allowable, be entered against the said defendant M/Y KOKOMOLINK, her engines, rigging, equipment, and appurtenances In Rem, etc.; and that such judgment be awarded in favor of the plaintiff Carisbrooke;

C.   That said Motor Yacht "KOKOMOLINK" be condemned and sold to satisfy said lien and judgment with interest, costs, and reasonable attorney's fees, if allowable; and

D.   That the plaintiff Carisbrooke be granted such other and further relief as this Honorable Court deems just and proper.

Plaintiff,

CARISBROOKE SHIPPING LIMITED

By its attorneys,

/s/ William Hewig III
William Hewig, III (BBO# 541910)
Jeffrey T. Blake (BBO# 655773)
Kopelman and Paige, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
whewig@k-plaw.com
jblake@k-plaw.com

500669/NENG/0518

## VERIFICATION

I, _GARY_, _BLOWES_ of Carisbrooke Shipping Limited, Plaintiff herein, verify that I have read the foregoing Verified Complaint, and that the facts contained herein are based upon my personal knowledge and are true and accurate to the best of my present knowledge and belief.

SIGNED UNDER THE PENALTIES OF PERJURY THIS _24TH_ DAY OF JUNE, 2014.

CARISBROOKE SHIPPING LIMITED

By: _____
      (Name)

Its: _OPERATIONS MANAGER_
      (Position or Title)

500669/NENG/0518